O

# United States District Court
# Central District of California

| | |
|---|---|
| LEGENDARY TRANSPORT, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JPMORGAN CHASE & CO. et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-03636-ODW (GJSx)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [17]** |

## I.   INTRODUCTION & BACKGROUND

On April 20, 2020, Plaintiff Legendary Transport, LLC's ("Legendary") initiated this putative nationwide class action against Defendants JPMorgan Chase & Co, JPMorgan Chase Bank, N.A. (collectively, "Chase"), Bank of America, N.A. ("BOA"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Citibank, N.A. ("Citibank") (all defendants collectively are "Defendants"). (*See* Compl., ECF No. 1.) Legendary asserts claims arising out of Defendants' alleged lending practices associated with the Paycheck Protection Program-portion ("PPP") of the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act). (*See* Compl. ¶¶ 1–18.)

Legendary alleges it is a client of Defendant Chase and that Chase caused confusion which prevented Legendary from timely applying for a PPP loan before initial funds were exhausted. (Compl. ¶¶ 23, 64–65.) Legendary also alleges that

Defendants accept applications from their existing customers alone, in violation of anti-trust laws, and this practice prevents small businesses like Legendary from applying for and obtaining a PPP loan from another lender. (Compl. ¶¶ 44, 106–07.)

On April 22, 2020, Legendary filed an *ex parte* application for a temporary restraining order ("TRO). (TRO, ECF No. 17.) The TRO seeks an order directing Defendants to discontinue their alleged practice of limiting PPP loan applications to only existing customers. (TRO 2.) Legendary asserts that Congress recently announced new funding for the PPP program and argues Legendary and small businesses like it "will likely suffer irreparable harm if they are limited to an application with their existing lender only." (TRO 8.)

Legendary seeks this *ex parte* TRO without notice to any Defendant, of the complaint or the TRO, and also asks the Court to waive the requirement of a bond. (TRO 10–12.) Defendant Chase learned of Legendary's TRO application on its own and filed an Opposition. (*See* Opp'n 9, ECF No. 25.) No other Defendant has appeared or opposed.

For at least the reasons to follow, the Court **DENIES** Legendary's TRO.

## II.  LEGAL STANDARD

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008); *see Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (discussing that plaintiffs "face a difficult task in proving that they are entitled to this 'extraordinary remedy'"). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) "he is likely to succeed on the merits"; (2) "he is

likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

In the Ninth Circuit, the *Winter* factors may be evaluated on a sliding scale: "serious questions going to the merits, and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted). "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

### III.   DISCUSSION

Legendary seeks an order directing Defendants to accept PPP loan applications from all qualifying applicants and cease their alleged practice of limiting applicants to only existing customers. (TRO 2.) Legendary's TRO application fails for at least two reasons.

First, Legendary seeks a temporary restraining order without notice to Defendants of either the complaint or the TRO, but fails to satisfy the requirements to obtain such an injunction without notice. (TRO 11–12.) Rule 65(b)(1) authorizes a court to issue a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

1  These requirements are "stringent" and the "circumstances justifying the issuance of
2  an ex parte order are extremely limited." *Reno Air Racing Ass'n, Inc. v. McCord*, 452
3  F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415
4  U.S. 423, 438–39 (1974)).

5  Legendary's efforts to give notice and reasons for the failure are plainly
6  deficient.  Legendary's counsel submits an affidavit in which he declares that he was
7  unable to "track-down counsel" for Defendants.  (Certificate of Adam Dolce ("Dolce
8  Cert.") ¶ 6, ECF No. 17.)  He states that he instead contacted lawyers with whom he
9  previously dealt regarding Defendants Wells Fargo and Chase, to inform them that he
10 intended to file the present application.  (Dolce Cert. ¶¶ 7–9.)  Legendary's counsel
11 did not even attempt to contact Defendants Citibank and BOA, instead he asks the
12 Court to excuse his failure to attempt notice because new funding for the PPP was
13 "just announced."  (Dolce Cert. ¶ 10.)  In essence counsel asks the Court to write-off
14 this "stringent" requirement because he was in a hurry.  This the Court will not do.

15 Even if the above efforts were not deficient, Legendary fails to provide any
16 facts "clearly show[ing] that immediate and irreparable injury . . . will result . . .
17 before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).
18 This must be provided in either a verified complaint or an affidavit.  *Id.*  Legendary
19 submits the affidavit of its managing member and owner, Lindsey Kszos, in support of
20 its TRO application.  (Aff. of Lindsey Kszos ("Kszos Aff."), ECF No. 17.)  However,
21 the only mention of harm that may befall Legendary is the statement that Kszos
22 "believe[s] Legendary will have an issue surviving the current business climate
23 without an immediate infusion of money."  (Kszos Aff. ¶ 13.)  Not only does this
24 statement fail to specify any facts clearly showing immediate irreparable injury,
25 Kszos's affidavit lacks any indication that this harm will occur before it would be
26 possible to provide Defendants with notice and an opportunity to respond.  *See Reno*
27 *Air Racing Ass'n*, 452 F.3d at 1131–32, 1134 (finding TRO improper where "thin and
28 barebones" TRO application failed to meet stringent requirements of Rule 65).

As Legendary fails to satisfy the requirements for a TRO without notice, the Court **DENIES** Legendary's application. *See Fid. Brokerage Servs. LLC v. York*, No. EDCV 19-1929-JGB (SPx), 2019 WL 5485121, at *4 (C.D. Cal. Oct. 23, 2019) (citing *Inland Empire Enters., Inc. v. Morton*, 365 F. Supp. 1014, 1018–19 (C.D. Cal. 1973)) ("The Application could have been denied on this ground alone.").

Further, even had Legendary given notice, Legendary fails to demonstrate a likelihood of irreparable harm absent the requested injunction. The risk of irreparable harm must be "likely, not just possible." *All. for the Wild Rockies*, 632 F.3d at 1131; *see also Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (finding conclusory or speculative allegations insufficient to establish a likelihood of irreparable harm).

Nowhere does Legendary state *what* irreparable harm it is likely to suffer absent the injunction it seeks. Legendary asserts only that it was unable to initially apply for a loan under the PPP and, now that additional funding has been approved, "will likely suffer irreparable harm if . . . limited to an application with [its] existing lender only." (TRO 8.) Legendary also asserts that Defendants' policies limit small businesses' access to PPP loans, which were intended "to avoid the irreparable injury that falls on a business when it can no longer function." (TRO 8.) Yet, Legendary does not describe that injury beyond these speculative and conclusory statements. (*See generally* TRO.) The Court declines to speculate.

Also, Legendary fails to explain how its alleged injury is not compensable in money damages. *See, e.g.*, *East Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1280 (9th Cir. 2020) ("[E]conomic harm is not generally considered irreparable."); *Regents of Univ. of Cal. v. Am. Broad. Cos.*, 747 F.2d 511, 519 (9th Cir. 1984) ("[A] party is not entitled to a preliminary injunction unless he or she can demonstrate more than simply damages of a pecuniary nature."). This is particularly problematic as the subject matter of the litigation concerns Defendants' alleged monetary lending practices and Legendary's inability to obtain funding. (*See* Kszos Aff. ¶ 13

("Legendary will have an issue surviving . . . without an immediate infusion of money.") Simply put, Legendary has not shown that its claimed harm is more than pecuniary in nature. *See Idaho v. Coeur d'Alene Tribe*, 794 F3d 1039, 1046 (9th Cir. 2015) ("Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation.").

Even under the sliding scale approach, a plaintiff must still show a likelihood of irreparable injury. *See All. for the Wild Rockies*, 632 F.3d at 1135 ("'[S]erious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, *so long as the plaintiff also shows that there is a likelihood of irreparable injury* and that the injunction is in the public interest.") (emphasis added). As Legendary fails to do so here, it has not established that it is entitled to a TRO. For this additional reason, the Court **DENIES** Legendary's application.

## IV.  CONCLUSION

For at least the foregoing reasons, the Court finds that Legendary has not satisfied the difficult task to establish that it is entitled to the extraordinary remedy of a temporary restraining order or preliminary injunction. Accordingly, the Court **DENIES** Legendary's application. (ECF No. 17.)

**IT IS SO ORDERED.**

April 24, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**